McBAIN, Respondent, *v.* NORTHERN PACIFIC RY. CO., Appellant.

(No. 3,688.)

(Submitted September 20, 1916. Decided October 18, 1916.)

[160 Pac. 654.]

*Personal Injuries—Railways—Federal Employers' Liability Act —Interstate Commerce.*

Personal Injuries—Railways—Interstate Commerce—What Constitutes.
1.   The test to be applied for determining whether a trainman was engaged in interstate commerce, within the meaning of the Federal Employers' Liability Act, when he was injured, is the nature of the work done by him at the time of the accident, and not the character of that performed immediately theretofore or that intended to be engaged in right after completion of his then present task.

[As to Federal Employers' Liability Act as superseding common and statutory law on the same subject, see note in **Ann. Cas. 1915B, 493.**]

Same—Interstate Commerce—What Does not Constitute.
2.   The fact that the work performed by a trainman at the time he was injured had to do with interstate commerce to a much greater extent than with purely local shipments, *held* of no consequence in determining whether he then was engaged in interstate commerce.

Same—Interstate Commerce—Case at Bar.
3.   A brakeman on a train the crew of which was engaged in handling both interstate and intrastate freight, having completed his run some hours before, and while on his way to the yard office for supplies needed on his caboose whenever it should be called into service, boarded a locomotive going in the direction of the office and was injured. He had not been called for duty; his train had not been made up, and his caboose was standing on a siding awaiting assignment. *Held*, that plaintiff was not at the time of his injury employed in interstate commerce.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

Action by J. H. McBain against the Northern Pacific Railway Company. Judgment for plaintiff. Defendant appeals from it and an order denying its motion for a new trial. Reversed and remanded, with directions to enter judgment for defendant.

*Messrs. Gunn, Rasch & Hall* and *Messrs. Walker & Walker,* for Appellant, submitted a brief; *Mr. Carl Rasch* argued the cause orally.

The plaintiff was not engaged or engaging in interstate commerce at the time he was hurt. The question whether or not the Federal Employers' Liability Act applies is determined by the particular service in which the employee was engaged at the time of the injury. It must be, as was said by the supreme court of the United States in the case of *Illinois Central R. Co.* v. *Behrens,* 233 U. S. 473, Ann. Cas. 1914C, 163, 58 L. Ed. 1051, 34 Sup. Ct. Rep. 646, "a service in interstate commerce," or, as stated by the supreme court of Kansas in *Barker* v. *Kansas City, M. & O. Ry. Co.,* 94 Kan. 176, 146 Pac. 358, the work which the plaintiff is doing at the time of the injury must have "a real and substantial connection with interstate commerce." (*Pennsylvania R. Co.* v. *Knox,* 218 Fed. 748, 134 C. C. A. 426; *Barker* v. *Kansas City, M. & O. Ry. Co.,* 94 Kan. 176, 146 Pac. 358; *Atchison, T. & S. F. Ry. Co.* v. *Pitts,* 44 Okl. 604, 145 Pac. 1148; *Illinois Central R. Co.* v. *Rodgers,* 221 Fed. 52, 136 C. C. A. 530.)

*Mr. Ed Fitzpatrick* and *Mr. G. L. Tyler,* for Respondent, submitted a brief; *Mr. Tyler* argued the cause orally.

It is contended by the appellant that plaintiff was not engaged or engaging in interstate commerce at the time he was injured, and the rule laid down in *Barker* v. *Kansas City M. & O. Ry. Co.,* 94 Kan. 176, 146 Pac. 358, is cited as bearing on the case, and it is contended that the work which the plaintiff is doing at the time of the injury must have "a real and substantial connection with interstate commerce." It is contended by respondent that when he was procuring supplies that were to be used and were used on his regular run, which said run usually carried inter-

state commerce, as it was on the main line and carried through freight from one division point, Ellensburg, to another division point, Pascoe, he was performing a necessary duty, which had a very substantial connection with interstate commerce, and that supplies such as were being obtained by plaintiff were necessary and indispensable to the safe and efficient transportation of interstate commerce. (See *Pedersen* v. *Delaware, L. & W. R. Co.*, 229 U. S. 146, 57 L. Ed. 1125, 33 Sup. Ct. Rep. 648; also, *Mondou* v. *New York, N. H. & H. R. Co.*, 223 U. S. 51, 38 L. R. A. (n. s.) 44, 56 L. Ed. 327, 32 Sup. Ct. Rep. 169; *Cousins* v. *Illinois Central R. Co.*, 126 Minn. 172, 148 N. W. 58; *Johnson* v. *Great Northern R. Co.*, 178 Fed. 643, 102 C. C. A. 89; *Moliter* v. *Wabash R. Co.*, 180 Mo. App. 84, 168 S. W. 250; *Southern R. Co.* v. *Jacobs,* 116 Va. 189, 81 S. E. 99; *Thornbro* v. *Kansas City, M. & O. R. Co.*, 91 Kan. 684, Ann. Cas. 1915D, 314, 139 Pac. 410; *Oberlin* v. *Oregon, Washington Ry. & Nav. Co.*, 71 Or. 177, 142 Pac. 554; *Atlantic Coast Line R. Co.* v. *Jones,* 9 Ala. App. 499, 63 South. 693; *North Carolina R. Co.* v. *Zachary,* 232 U. S. 248, 58 L. Ed. 591, 34 Sup. Ct. Rep. 305; *Missouri, K. & T. R. Co.* v. *Rentz* (Tex. Civ. App.), 162 S. W. 959.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff recovered a judgment in the district court of Silver Bow county, and the defendant appealed therefrom and from an order denying it a new trial.

The facts disclosed by the record and pertinent here are that on October 15, 1912, plaintiff was employed by the defendant as a brakeman on the Pascoe division of the road in the state of Washington and was at the city of Ellensburg, Washington. The train-crew of which he was a member engaged indiscriminately in handling interstate and intrastate shipments of freight. At the time of his injury plaintiff was going from his caboose to the yard office to present a requisition for

supplies needed upon the caboose whenever it should be called into service.  He started to make the trip on foot, but, a train from the west passing by, he boarded the locomotive and while riding on it was injured.  He had completed his previous run some hours before, and anticipated that he would be again called into service soon after noon on the 15th, but whether to handle interstate or purely local freight he had no means of knowing, as he had not been called for duty; his train had not been made up and his caboose was on a siding in the yard awaiting assignment.

The action was brought under the Federal Employers' Liabil- [1–3]  ity Act (35 Stats. at Large, 65), and plaintiff assumed the burden of pleading and proving that at the time he was injured he was engaged in interstate commerce.  The allegation of his complaint is sufficient, but does his proof sustain it?  The record presents a federal question, and the decisions of the United States supreme court upon it are conclusive upon this court.  Under a state of facts substantially identical with the facts before us, that court held that it is immaterial that the injured party may have been engaged in interstate commerce immediately before he was injured, or that immediately after completing his then present task he would again engage in interstate commerce, and said: "The true test is the nature of the work being done at the time of the injury."  (*Illinois Cent. R. R. Co.* v. *Behrens,* 233 U. S. 473, Ann. Cas. 1914C, 163, 58 L. Ed. 1051, 34 Sup. Ct. Rep. 646.)  Applying that test to the facts presented here, and it is apparent at once that plaintiff has failed to make out his case under the federal statute.  The character of the supplies he sought furnishes no index to his employment.  The fusees, torpedoes and waste were necessary supplies for his caboose, whether it would be employed in interstate or intrastate commerce, and at the time of his injury it was impossible to determine the character of his next assignment, for he had not then been called to duty; the train to which

his caboose would be attached had not then been made up, and the caboose had not been assigned.

Under the interpretation placed upon this statute by the supreme court of the United States, it is of no consequence that the work performed by plaintiff had to do with interstate commerce to a much greater extent than with purely local shipments. The Congress doubtless had authority, under the commerce clause of the Constitution, to impose upon a carrier engaged in both interstate and intrastate traffic, liability for an injury sustained by its employee in the course of its general work, "whether the particular service being performed at the time of the injury, isolatedly considered, was in interstate or intrastate commerce" (*Behren's Case,* above) ; but Congress did not see fit to exercise its authority to that extent. The Act in question provides: "That every common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce," *etc.* In further consideration of this feature of the statute the court in the case above said: "Giving to the words, 'suffering injury while he is employed by such carrier in such commerce'; their natural meaning, as we think must be done, it is clear that Congress intended to confine its action to injuries occurring when the particular service in which the employee is engaged is a part of interstate commerce." At the time he was injured, plaintiff was not engaged in interstate commerce within the meaning of the Federal Employers' Liability Act as construed by the highest court of the land. (*Alexander* v. *Great N. Ry. Co.,* 51 Mont. 565, 154 Pac. 914.) Whether he could have succeeded under the statutes of Washington, even though he failed to make out his case under the federal Act, does not appear. The statutes of Washington are not pleaded or relied upon. Plaintiff chose to sue in the courts of this state instead of the courts of the state where his injury occurred, and we cannot take judicial notice of the statute law of a sister state.

For the reason given, the judgment and order are reversed and the cause is remanded to the district court, with directions to enter judgment for the defendant.

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.

(Submitted September 20, 1916.   Decided October 23, 1916.)